————o————

WILLIAM SCHARRINGHAUSEN, Administrator of JOHN SOHLESAOK Appellant, *vs.* JOHANN HEINRICH LUEBSEN, Respondent.

1. *Partners—Articles of Agreement—Interpretation of.*—In the articles of co-partnership it was agreed, that in the case of the death of one partner, the other should have the right to recover the fourth part of a certain chattel and against that he shall pay to the deceased the sum of one thousand dollars, after the deceased shall have paid all his debts which he owes to the partnership up to the date. *Held,* that this clause gave the surviving partner an option of purchase, and did not import an absolute covenant or engagement.

*Appeal from St. Louis Circuit Court*

*F. & L. Gottschalk,* for Appellant.

By taking the whole contract together it will be seen that the parties were tenants in common in a certain chattel ; that upon the death of one of the tenants in common, his interest was to revert in his co-tenant and as the assessed value of such interest, his representatives were to receive $1,000 which said co-tenant obligates himself by said contract to pay.

*Rudolph Schulenburg,* for Respondent.

By the terms of the agreement it was at the election of the defendant, whether he would recover the interest of the deceased.

EWING, Judge, delivered the opinion of the court.

This is an action to recover a sum of money, which is claimed to be due under a stipulation contained in articles of co-partnership, to which Schlesack plaintiff's intestate, and the defendant were parties. The cause was submitted to the Court a jury being waived, upon an agreed statement of facts, and there was a judgment for the defendant, which on appeal to the General Term was affirmed, and from which the cause is brought here by appeal. The allegations of the petition are substantially, that Schlesack formed a co-partnership with the defendant for carrying on the "flying horse business" in St. Louis; that Schlesack put into the concern $1,000 in money and his labor and attention in running the same; that by the articles of agreement entered into between them, it was provided, among other things, that in case Schlesack should die, then his interest, to-wit: the fourth part in said concern, should revert to the defendant; and he should pay therefor "to the deceased" the sum of $1,000, subject to any deduction on account of indebtedness, if any, on the part of the deceased to the concern. It was also provided, that Schlesack should have no right to sell his interest in said concern to any other person than defendant or his heirs; that Schlesack departed this life in 1870, being in no way indebted to the defendant or the concern; that plaintiff since Schlesack's death has demanded payment of said sum, and has tendered to defendant a bill of sale of the interest of the deceased in said concern, &c.

The answer denies all the material allegations of the petition, except the execution of the agreement therein referred to.

Defendant on the trial of the cause admitted the execution of the agreement referred to in the petition, that Schlesack put $1,000 in money and his labor and attention into the concern; that at the time of his death he was not indebted to the firm, and that demand of the money and tender of a bill of sale had been made by plaintiff, as he alleged in his petition. Plaintiff read in evidence the agreement or articles of co-partnership, upon which the suit is founded, from which it appeared in addition to what has been already stated as ad-

mitted,—that Schlesack put into the concern $1,000 as capital stock, for which he was to have an interest of one-fourth part therein ; was to be liable to the same extent for all expense of the business, such as repairs, lease, insurance, and losses, and to share in the same proportion in the ˙ profits, that in the event of his death his wife and children were to have " the same right ;" that he should have no right to sell his interest in the partnership to any one except the defendant ; that in case of his death, "defendant, should have the right to recover the said fourth part of the said "*canonsell*" (flying horse,) and against that he shall pay to the said John Schlesack the sum of one thousand dollars, after the said John Schlesack has paid all his debts which he owes to the said canonsell up to the date."

The only question in this case is, as to the proper construction of the partnership agreement read in evidence ; whether it contains any covenant or agreement, which could be the foundation of an action at law; or which is so distinct from and independent of the partnership, as to involve no accounting between the partners, and no investigation of profits and losses of the concern.

The theory of the petition is, that it was absolutely obligatory upon the defendant on the death of his co-partner Schlesack to pay his representatives $1,000 less the debts due from Schlesack to the firm, in consideration of his interest in the partnership. This is a misconception of the nature and legal effect of the instrument. So far from imposing an obligation of this character upon the defendant, it leaves it entirely optional with him, whether he would take the interest of his co-partner on these terms, or not. This is the only reasonable interpretation that can be given to the clause, which says the defendant shall have the right to recover the said fourth part, &c. It is only by a perversion of the language employed, that a different conclusion can be reached, interpreting words which give a mere option or confer a privilege, so as to import an absolute covenant or engagement. Language should be very explicit and unequivocal to warrant the inference

of an intention to enter into a stipulation so extraordinary as that which it is claimed is created by this clause of the instrument in question.

Judgment affirmed. The other Judges concur.